IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JAMES HOKLAND | ) | |
| and JOYCE HOKLAND, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 111164C |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION OF DISMISSAL** |

This matter is before the court on Defendant's Motion to Dismiss on the ground that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(2). The court held a hearing on the motion on February 14, 2012, at 10:00 a.m. Doreen Baune (Baune), Licensed Tax Consultant, appeared for Plaintiffs. Bruce McDonald, Tax Auditor, appeared for Defendant. Plaintiffs' written response to Defendant's Motion to Dismiss was filed with the court on February 23, 2012.

Defendant mailed Plaintiffs a Notice of Deficiency Assessment for the 2007 tax year on July 26, 2011. Plaintiffs' filed their Complaint with this court on November 22, 2011. This interval is longer than the 90 days required by ORS 305.280(2),[1] which provides:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

Plaintiff's 90-day appeal deadline was October 24, 2011. Baune contends that Plaintiffs initiated the proceedings in a timely manner, but that the documents were returned due to an incomplete "Application for Waiver of Fee and Court Costs" form (Application for Waiver). (Ptfs' Resp to Def's Mot to Dismiss at 1.) A Complaint form and Application for Waiver was received by the court on October 27, 2011.

The initial filing was deficient in that it did not include either the required court fee or a completed Application for Waiver. Baune acknowledges a preparer in her office may have made an error in the Application for Waiver form. (Ptfs' Resp to Def's Mot to Dismiss at 1.) Accordingly, the court returned the materials to Plaintiffs on October 28, 2011. Plaintiffs filed a complete Complaint along with a complete Application for Waiver and supporting documents on November 22, 2011. An Order Granting Plaintiffs' Motion to Waive Fees was entered on November 28, 2011.

Tax Court Rule-Magistrate Division (TCR-MD) 1A requires an appeal to include "[a] fee for each complaint filed[,]" or that "[t]he plaintiff may, by application, request the court to consider deferral or waiver of the fee, as provided under ORS 21.685. Plaintiff shall make such application at the time of filing the complaint." Plaintiffs did not have a complete appeal filed with the court until all of these requirements were met on November 22, 2011. This was after the 90 days allowed by statute. The court notes that the original attempt at filing an appeal, which was stamped as received by the court on October 27, 2011, was also beyond the 90-day statutory limit. Tax Court Rule (TCR) 9E provides that the filing of a pleading (*e.g.*, a Complaint) is not complete until the court stamps or endorses it. Thus, had the original Complaint complied with all the requirements set out in the court's rules, it would have been found untimely.

The court is not aware of any circumstances that extend the statutory limit of 90 days.

Defendant's Motion to Dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

The Complaint is dismissed.

Dated this ____ day of April 2012.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on April 3, 2012. The Court filed and entered this document on April 3, 2012.*